**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joslin Griffith, | **2:16-cv-01751-JAD-CWH** |
| Plaintiff | |
| v. | **Order Denying as Moot Application to Proceed *in forma pauperis* and Dismissing and Closing Case** |
| Brian Williams, et al., | |
| Defendants | [ECF No. 1] |

On February 22, 2017, I dismissed Joslin Griffith's sole civil-rights claim with leave to amend and with detailed instructions for curing its deficiencies, and I directed Griffith to file an amended complaint by March 22, 2017.[1]  This deadline has expired, and Griffith has not filed an amended complaint, requested an extension to do so, or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

---

[1] ECF No. 1.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Page 1 of 2

1  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

2  The first two factors, the public's interest in expeditiously resolving this litigation and the

3  court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of

4  prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises

5  from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an

6  action.[5]  A court's warning to a party that his failure to obey the court's order will result in dismissal

7  satisfies the fifth factor's "consideration of alternatives" requirement,[6] and I expressly warned

8  Griffith that his failure to timely file an amended complaint would result in dismissal without

9  prejudice and without further notice.[7]  The fourth factor—the public policy favoring disposition of

10  cases on their merits—is greatly outweighed by the factors favoring dismissal.  Accordingly,

11  IT IS HEREBY ORDERED that **this case is DISMISSED** without prejudice based on

12  Griffith's failure to file an amended complaint in compliance with this court's February 22, 2017,

13  order.

14  IT IS FURTHER ORDERED that Griffith's application to proceed *in forma pauperis* **[ECF**

15  **No. 1] is DENIED** as moot.

16  The Clerk of Court is directed to CLOSE THIS CASE.

17  Dated this 30th day of March, 2017.

18  _____

19  Jennifer A. Dorsey
   United States District Judge

20

21

22

23

---

24  [4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*,
   963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.
25

26  [5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

27  [6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

28  [7] ECF No. 4 at 5.